UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| Joseph M. Caldrello; Sandra v. Caldrello Osprey Beach Trust (Sandra V. Caldrello, Trustee) Anna Caldrello (Sandra V. Caldrello Guardian) <br><br> v. <br><br> Federal Deposit Insurance Corp.; Republic Credit Corp. I; John Stretton; Ramsey Demir Charles Singleton; Maureen Hamil; John Murphy; Joseph Logioco; Janice Ballestrini; City of New London; Donald Frechette; William Murray; Joshua Milrad; Thomas Londregan; Edwards & Angell LLP | CASE NO <br><br> 3:02CV01742(MRK) <br><br><br> September 19, 2003 |

## AMENDED COMPLAINT

1. This is an action for damages pursuant to the Fair Debt Collection Practices Act, 15 U.S.C. §§ 1692 et seq. (FDCPA), the Civil Rights Act, 42 U.S.C. §§ 1983 et seq. (§ 1983), the Connecticut Unfair Trade Practices Act, Conn. Gen. Stat. § 42-110(a) et seq. ("CUTPA") and the state common law. The plaintiffs seek actual and/or statutory damages, punitive damages, costs, interest, and attorneys' fees.

2. The "Jurisdiction & Parties" paragraphs are incorporated in all counts

### JURISDICTION & PARTIES

3. Jurisdiction of this court over the plaintiffs' FDCPA claims is conferred by 15 U.S.C. § 1692k(d) and 28 U.S.C. § 1331; this court concurrently exercises its pendent jurisdiction over the aforementioned state law claims under 15 U.S.C.

§ 1367(a) and is proper, pursuant to Fed. R. Civ. P. 18(a). Venue is proper, pursuant to 28 U.S.C. § 1391(b).

4. Joseph Caldrello resides at 47 Woodlawn, New London, CT 06320.

5. Sandra Caldrello resides at 47 Woodlawn, New London, CT 06230.

6. Lois Caldrello, Anna Caldrello and Ruth Stein are Joseph and Sandra's children (the "Caldrello Children").

7. The Osprey Beach Trust ("Trust") is an irrevocable trust benefiting the Caldrello Children. Sandra is the trustee.

8. Republic Credit One ("Republic") is a Colorado corporation maintaining a principal place of business in Aurora, CO.

9. Republic is a "debt collector" as defined in 15 U.S.C. § 1692a.

10. Edwards & Angell, LLP. is a limited liability partnership having a principal place of business at 90 State House Square, Hartford, CT 06103.

11. Edwards & Angell is a "debt collector" as defined in 15 U.S.C. § 1692a.

12. Joseph Logioco (in his individual capacity) was (at all times relevant) a New London County sheriff.

13. Janice Ballestrini (in here individual capacity) was (at all times relevant) the New London Municipal Tax Collector.

14. The "Property" refers to real property at 929-939 Pequot Avenue, New London CT.

15. The "Beach Property" refers to real property at 969 Pequot Avenue, New London CT.

## FIRST FACTUAL PREDICATE: ATTACHING FEE RETAINER

16. On 4/7/03, the undersigned counsel (Zenas Zelotes, Esq.) appeared in *Republic Credit Corp. v. Joseph Caldrello, et al.* in the joint defense of Joseph Caldrello, Sandra Caldrello, the Osprey Beach Trust and the Caldrello Children.

17. The aforesaid parties agreed that Attorney Zelotes would be compensated in that matter on an hourly, non-contingent basis, and would be furnished a $2,000.00 fee retainer.

18. Attorney Zelotes' retainer and all subsequent fee payments were furnished by the Osprey Beach Trust and third-party donors.

19. On or about May 15, 2003, Republic (by and through its agent, Edwards & Angell) served a writ of garnishment and attachment upon Attorney Zelotes.

20. Republic (by and through its agent, Edwards & Angell) expressly asserted that the aforesaid writ seized Attorney Zelotes' fee retainer.

21. Republic (by and through its agent, Edwards & Angell) served the writ upon Attorney Zelotes, hoping to secure unfair advantage (endeavoring to compel, coerce or otherwise entice Attorney Zelotes to withdraw his appearance in this and other actions).

22. The prejudgment remedy (upon which the aforesaid writ was based) did not authorize an attachment of monies properly belonging to the Osprey Beach Trust, Lois Caldrello, Anna Caldrello, Ruth Stein, Zenas Zelotes or any other third party.

23. Upon subsequent demand, Republic (by and through its agent, Edwards & Angell) refused to withdraw the writ.

## FIRST CAUSE OF ACTION: UNFAIR DEBT COLLECTION

24. Each paragraph recited in the First Factual Predicate is herein incorporated.

25. Republic is liable to the plaintiffs pursuant to 15 U.S.C. § 1692k (the Fair Debt Collection Practices Act) insofar as it abused civil process in an unfair attempt to deprive the plaintiffs of their right to counsel (to secure unfair advantage in litigation) in violation of 15 U.S.C. § 1692e.

## SECOND CAUSE OF ACTION: UNFAIR DEBT COLLECTION

26. Each paragraph recited in the First Factual Predicate is herein incorporated.

27. Edwards & Angell is liable to the plaintiffs pursuant to 15 U.S.C. § 1692k (the Fair Debt Collection Practices Act) insofar as it abused civil process in an unfair attempt to deprive the plaintiffs of their right to counsel (to secure unfair advantage in litigation) in violation of 15 U.S.C. § 1692e.

## THIRD CAUSE OF ACTION: ABUSE OF PROCESS

28. Each paragraph recited in the First Amended Factual Predicate is herein incorporated.

29. Edwards & Angell's primary purpose in attempting an attachment upon Attorney Zelotes' fee retainer was to secure unfair advantage in the Caldrello litigation.

30. The plaintiffs incurred a resulting pecuniary harm.

31. Edwards & Angell is liable to the plaintiffs for its common law tort of Abuse of Process.

FOURTH CAUSE OF ACTION: ABUSE OF PROCESS

32. Each paragraph recited in the First Factual Predicate is herein incorporated.

33. Edwards & Angell is an agent of Republic.

34. Edwards & Angell's primary purpose in garnishing Mr. Zelotes' fee retainer was to secure unfair advantage in the Caldrello litigation and thereby benefit Republic.

35. The plaintiffs incurred a resulting pecuniary harm.

36. Republic is liable to the plaintiffs for its agent's common law tort of Abuse of Process.

FIFTH CAUSE OF ACTION: UNFAIR & DECEPTIVE ACTS (CUTPA)

37. Each paragraph recited in the First Factual Predicate is herein incorporated.

38. Republic is liable to the plaintiffs pursuant to C.G.S. 42-110a et seq. (the Connecticut Unfair Trade Practices Act), insofar as it:

   a. Unfairly attempted to deprive the plaintiffs of their state and federal civil rights to counsel, in an effort to secure unfair advantage in litigation.

   b. Violated the Fair Debt Collection Practices Act (as recited in the First Cause of Action)

  c. Committed the Common Law tort of Abuse of Process (as recited in the Third Cause of Action).

SECOND FACTUAL PREDICATE: PART I

UNFAIR & DECEPTIVE PLEADINGS

39. On October 7, 1999, a judgment of strict foreclosure entered in favor of Republic's predecessor in interest (the FDIC).

40. The Court determined that the defendants defaulted on the underlying mortgage note in 1989, and set the debt as follows:

  Principal: $2,193,336.31

  Interest: $1,776,434.15*

  Total: $3,901,218.46

   * Interest as of April 26, 1999 was set at $1,707,882.15 with a $418 per-diem.

41. In 2000, the FDIC assigned the aforesaid note to Republic.

42. Republic subsequently filed an affidavit (dated January 9 2002) attesting that the following amounts were due and owing under the note, as of September 30, 2001:

  Principal: $2,193,336.31

  Interest: $2,113,300.28

  Total: $4,386,105.84

43. On January 28, 2003, Republic moved for a deficiency judgment, attesting that, between April 26, 1999 and January 28, 2003, additional interest accrued in the amount of:

    **$2,340,167.67**

44. **In a mere <u>14 months,</u> Republic claimed the interest due on a 14-year-old note jumped from $2,113,300.28 -- to an astronomical $4,048,049.23!**

SECOND FACTUAL PREDICATE:   PART II

UNFAIR & DECEPTIVE PLEADINGS

45. On December 23, 2002, (prior to the aforesaid deficiency petition), Richard Haviland was the Caldrellos' attorney in the aforesaid foreclosure action.

46. On December 23, 2002, Republic and/or Edwards & Angell knew (or had reason to believe) that Richard Haviland's legal services were provided pro bono.

47. On December 23, 2002, Republic and/or Edwards & Angell believed that, if Richard Haviland was compelled to withdraw his appearance, the Caldrellos would be unable to secure alternative legal representation.

48. On December 23, 2002, Republic commenced a new action: *Republic Credit Corp. v. Joseph Caldrello, et al.*

49. In that action, Republic averred that Richard Haviland conspired with the Caldrellos to defraud Republic.

50. Richard Haviland subsequently moved to withdraw his appearance in *First Constitution Bank v. Joseph Caldrello et al.* (foreclosure action).

51. On January 22, 2003, Richard Haviland's motion was granted.

52. On January 9, 2002 (when Republic asserted $336,866.13 in post-judgment interest) the Caldrellos were represented by counsel.

53. On January 28, 2003, (when Republic asserted $2,340,167.67 in post-judgment interest and $256,288.78 in attorney's fees) the Caldrellos were *not* represented by counsel.

54. Republic and/or Edwards & Angell falsely represented the amount it believed it was owed on the note in an effort to compel, coerce or otherwise entice the aforesaid Trust into surrendering the Beach Property.

SECOND FACTUAL PREDICATE:   PART III

UNFAIR & DECEPTIVE PLEADINGS

55. On or about March 31, 2003, Joseph and Sandra Caldrello, proceeding pro se, filed an amended complaint in this action (albeit, absent leave of court).

56. The amended complaint expressly called attention to (averred) the unfair and deceptive acts recited in Part I of this document; more specifically: the aforesaid amended complaint averred that the aforesaid unfair and deceptive acts violated the Fair Debt Collection Practices Act (15 U.S.C. 1692 *et seq.*).

57. The foregoing notwithstanding, on May 15, 2003, Republic motioned the court for an adjudication of its requested deficiency.

58. A deficiency hearing was set for July 8, 2003.

59. On May 27, 2003, the undersigned counsel filed an appearance in the foreclosure action.

60. On May 29, 2003, the Caldrellos (by and through their counsel, Mr. Zelotes) faxed correspondence to Republic, citing the unfair and deceptive acts recited in Part I of this document; more specifically: the Caldrellos (Mr. Zelotes) described Republic's computation (of debt, fees and costs) as "grossly excessive and quite possibly fraudulent," threatening a resulting FDCPA action (absent a compelling and timely accounting).

61. The aforesaid writing generated no response.

62. On June 26, 2003, the Caldrellos disclosed five equitable defenses to Republic's requested deficiency.

63. One of the foregoing defenses (unclean hands), substantially recited the averments in Part I of this document, asserting that Republic's unfair and deceptive conduct enjoins the equitable remedy requested (a deficiency).

64. Upon receipt of the foregoing disclosure, Republic and/or Edwards & Angell realized that its misconduct might lead to a *much* more significant consequence than that otherwise threatened by a successful FDCPA action.

65. On July 3, 2003, Republic "revised" its computation of the debt (a transparent and unimpressive tap dance, ex post facto).

66. The July 3, 2003 "revision" (by its own letter) begrudgingly admits that, between January 28, 2003 and July 3, 2003, Republic demanded an amount well above and beyond that which it might otherwise have properly claimed; an amount -- **in excess of $1.75 million dollars.**

67. On January 28, 2003, Republic concurrently claimed attorney's fees in excess of $256,000.00.

SIXTH CAUSE OF ACTION: UNFAIR DEBT COLLECTION

68. Each paragraph recited in the Second Factual Predicate is herein incorporated.

69. By pleadings dated January 28, 2003, Republic asserted that Sandra and Joseph Caldrello owed Republic an amount in excess of $7.3 million dollars.

70. Sandra and Joseph Caldrello were not, in fact, indebted to Republic in an amount in excess of $7.3 million dollars.

71. Republic knew (or should have known) that Sandra and Joseph Caldrello could not have been properly indebted to Republic in an amount in excess of $7.3 million dollars.

72. Republic is liable to the plaintiffs pursuant to 15 U.S.C. § 1692k (the Fair Debt Collection Practices Act) insofar as (by and through its agent, Edwards & Angell) it:

   a. Made false representations to pro se debtors respecting the amount of the debt, in violation of 15 U.S.C. § 1692f.

   b. Made false representations respecting the amount of the debt in an effort to compel, coerce or otherwise entice the Trust into surrendering the Beach Property (property to which its was not entitled), in violation of 15 U.S.C. § 1692e.

SEVENTH CAUSE OF ACTION: UNFAIR DEBT COLLECTION

73. Each paragraph recited in the Second Factual Predicate is herein incorporated.

74. By pleadings dated January 28, 2003, Edwards and Angell asserted that Sandra and Joseph Caldrello owed Republic an amount in excess of $7.3 million dollars.

75. Sandra and Joseph Caldrello were not, in fact, indebted to Republic in an amount in excess of $7.3 million dollars.

76. Edwards and Angell knew (or should have known) that Sandra and Joseph Caldrello could not have been properly indebted to Republic in an amount in excess of $7.3 million dollars.

77. Edwards & Angell is liable to the plaintiffs pursuant to 15 U.S.C. § 1692k (the Fair Debt Collection Practices Act) insofar as it:
    a. Made false representations to pro se debtors respecting the amount of the debt, in violation of 15 U.S.C. § 1692f.
    b. Made false representations respecting the amount of the debt in an effort to compel, coerce or otherwise entice the Trust into surrendering the Beach Property (property to which it was not entitled) in violation of 15 U.S.C. § 1692e.

EIGHTH CAUSE OF ACTION: UNFAIR & DECEPTIVE ACTS (CUTPA)

78. Each paragraph recited in the Second Factual Predicate is herein incorporated.

79. Republic is liable to the plaintiffs pursuant to C.G.S. 42-110a et seq. (the Connecticut Unfair Trade Practices Act), insofar as it:
    a. Made false representations to pro se debtors respecting the amount of the debt.

    b. Made false representations respecting the amount of the debt in an effort to compel, coerce or otherwise entice the Trust into surrendering the Beach Property (property to which it was not entitled).

    c. Violated the Fair Debt Collection Practices Act (as recited in the Sixth Cause of Action).

## THIRD FACTUAL PREDICATE: ABUSE OF PROCESS

80. Anna Caldrello, a minor child, is both physically and mentally challenged.

81. On December 23, 2003, Republic and/or Edwards & Angell knew that Anna Caldrello was a minor.

82. On December 23, 2003, Republic and/or Edwards & Angell knew that Anna Caldrello was physically and mentally challenged.

83. On December 23, 2003, upon Republic and/or Edwards & Angell's instruction, a state marshal effectuated in-hand service upon Anna Caldrello.

84. In-hand service upon Anna Caldrello was not necessary.

85. On December 23, 2002, it was reasonably foreseeable that in-hand service by a state marshal upon a mentally challenged minor child might result in severe emotional distress.

86. Republic and/or Edward & Angell's decision to effectuate in-hand service upon Anna was motivated by an intent to inflict severe emotional distress upon Anna and (thereby) her parents, and to concurrently benefit Republic.

87. Anna Caldrello experienced a resulting severe emotional distress.

88. Joseph and Sandra Caldrello thereby also suffered a resulting severe distress.

NINTH CAUSE OF ACTION: UNFAIR DEBT COLLECTION

89. Each paragraph recited in the Third Factual Predicate is herein incorporated.

90. Republic is liable to the plaintiffs pursuant to 15 U.S.C. § 1692k (FDCPA) insofar as it engaged in conduct, the natural consequence of which is to harass (if directed upon a mentally challenged minor), in violation of 15 U.S.C. § 1692d.

TENTH CAUSE OF ACTION: UNFAIR DEBT COLLECTION

91. Each paragraph recited in the Third Factual Predicate is herein incorporated.

92. Edwards & Angell is liable to the plaintiffs pursuant to 15 U.S.C. § 1692k (FDCPA) insofar as it engaged in conduct, the natural consequence of which is to harass (if directed upon a mentally challenged minor), in violation of 15 U.S.C. § 1692d.

EVELENTH CAUSE OF ACTION: ABUSE OF PROCESS

93. Each paragraph recited in the Third Factual Predicate is herein incorporated.

94. Republic's primary purpose in serving Anna in-hand was to secure unfair advantage in the Caldrello litigation.

95. Republic is liable to the plaintiffs for its common law tort of Abuse of Process.

TWELFTH CAUSE OF ACTION: ABUSE OF PROCESS

96. Each paragraph recited in the Third Factual Predicate is herein incorporated.

97. Edwards & Angell is an agent of Republic.

98. Edwards & Angell's primary purpose in serving Anna in-hand was to secure unfair advantage for its client in the Caldrello litigation.

99. Edwards & Angell is liable to the plaintiffs for its common law tort of Abuse of Process.

## THIRTEETH CAUSE OF ACTION: UNFAIR & DECEPTIVE ACTS (CUTPA)

100. Each paragraph recited in the Third Factual Predicate is herein incorporated.

101. Republic is liable to the plaintiffs pursuant to C.G.S. 42-110a et seq. (the Connecticut Unfair Trade Practices Act), insofar as it:

   a. Engaged in conduct, the natural consequence of which is to harass (if directed upon a mentally challenged minor), in violation of 15 U.S.C. § 1692d.

   b. Violated the Fair Debt Collection Practices Act (as recited in the Ninth Cause of Action).

   c. Committed the Common Law tort of Abuse of Process (as recited in the Eleventh Cause of Action).

## FOURTH FACTUAL PREDICATE: CIVIL RIGHTS

102. On June 30, 1998, LoGioco held a tax sale auction in New London, CT.

103. The resulting tax deed recited rights to the Property and the Beach Property.

104. On June 30, 1998, all taxes assessed against the Beach Property were current.

105. The official notices preceding the sale did not mention the Beach Property; rather, the official notices recited the Property as the property to be auctioned.

106. On information and belief, Logioco reviewed the tax deed and the land records (upon which the tax deed was based) prior to and/or after the tax sale.

107. Logioco had a duty to review the tax deed and/or the land records (upon which the tax deed would be prepared) prior to and/or after the tax sale.

108. Logioco knew (or should have known) that the Beach Property recited in the tax deed and/or the land records (upon which the tax deed was based) was not properly the subject of a tax sale.

109. The Trust's real property rights in the Beach Property were then clearly established, open and evident, and of a nature of which a reasonable person would know.

110. On April 10, 2000, the City of New London recorded a correcting deed, reciting that the Beach Property should not have been included in the tax deed.

111. Sandra did not know, or have reason to know, that the tax deed recited rights to the Beach Property, until some time within three years of this action's commencement.

112. On information and belief, Ballestrini furnished Logioco with some or all of the land records (upon which the tax deed was based) prior to the tax sale.

113. Ballestrini had a duty to review the land records (upon which the tax deed would be prepared) prior to the tax sale.

114. Ballestrini knew (or should have known) that the Beach Property recited in the land records (upon which the tax deed was based) was not properly the subject of a tax sale.

115. The Trust has incurred resulting pecuniary expense (attempting to secure or verify marketable title) and an impairment of (some but not all) bundled property rights.

TWELFTH CAUSE OF ACTION:

116. Each paragraph recited in the Fourth Factual Predicate is herein incorporated.

117. Logocio and/or Ballestrini, willfully or recklessly, individually or jointly, and under color of state law, deprived the Trust of some (but not all) of its substantive due process rights to real property, as guaranteed by the 14th Amendment to the United States Constitution.

118. Logocio and/or Ballestrini, willfully or recklessly, individually or jointly, and under color of state law, deprived the Trust of some (but not all) of its due process rights to compensation for real property takings, as guaranteed by the 5th Amendment, and as incorporated by 14th Amendment to the United States Constitution.

119. Logocio and/or Ballestrini, willfully or recklessly, individually or jointly, and under color of state law, unreasonably seized the Trust of some (but not all) of its substantive due process rights to real residential property, as guaranteed by the 4th Amendment, and as incorporated by 14th Amendment to the United States Constitution.

## PRAYER FOR RELIEF

THEREFORE, the plaintiffs prays that the court grant:

a) Actual damages against Edwards & Angell and Republic, pursuant to the state common law

b) Actual damages, against Edwards & Angell and Republic pursuant to the CUTPA

c) Actual or FDCPA statutory damages, against Edwards & Angell and Republic, whichever is greater;

d) Punitive damages against Edwards & Angell and Republic, pursuant to the CUTPA;

e) Punitive damages against Edwards & Angell and Republic, pursuant to the state common law

f) Attorney fees & costs against Edwards & Angell and Republic, pursuant to the FDCPA and/or CUTPA;

g) Interest;

h) Actual Damages against Logioco and Ballestrini, pursuant to § 42 U.S.C. 1983 et seq.

i) Presumed Damages against Logioco and Ballestrini, pursuant to § 42 U.S.C. 1983 et seq.

j) Punitive Damages against Logioco and Ballestrini, pursuant to § 42 U.S.C. 1983 et seq.

k)  Attorney's Fees and Costs against Logioco and Bellestrini, pursuant to § 42 U.S.C. 1983 et seq.

l)  Other additional relief as may appear at law or at equity.

THE PLAINTIFFS
by
ZENAS ZELOTES, ESQ.
Their Attorney

ZENAS ZELOTES, ESQ.
Consumer Law Office
of Zenas Zelotes, Esq.
753 Buddington Road
Groton CT 06320
Tel. (860) 448-6140
Fed. Bar No. 23001

## CERTIFICATION OF SERVICE

This is to certify that, on 9/19/03, a copy of the foregoing document was served, via first class mail, upon:

FDIC
New York Legal Services Office
20 Exchange Place
New York, NY 10005

Updike, Kelly & Spellacy, P.C.
One State St., Po Box 231277
Hartford, CT 06123-1277

Edwards & Angell
90 State House Square, 9th Floor
Hartford CT 06103

THE PLAINTIFFS
by
ZENAS ZELOTES, ESQ.
Their Attorney

_____
ZENAS ZELOTES, ESQ.
Consumer Law Office
of Zenas Zelotes, Esq.
753 Buddington Road
Groton CT 06320
Tel. (860) 448-6140
Fed. Bar No. 23001