UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| JOSEPH M. CALDRELLO, ET AL. ) | CASE NO |
| Plaintiffs ) | 3:02CV01742(JCH)(MRK) |
| v. ) | |
| FDIC, ET AL. ) | |
| Defendant ) | February 12, 2004 |

**AMENDED COMPLAINT**

1. This is an action for damages pursuant to the Civil Rights Act, 42 U.S.C. §§ 1983 et seq. (§ 1983).

2. Jurisdiction is conferred pursuant to 28 U.S.C. § 1331. Venue is proper, pursuant to 28 U.S.C. § 1391(b).

3. The Osprey Beach Trust ("Trust") is an irrevocable trust benefiting Sandra Caldrello's Children.

4. Sandra Caldrello, of 47 Woodlawn, New London, CT, is the Trust trustee.

5. Joseph Logocio (in his individual capacity) was (at all times relevant) a New London County sheriff.

6. Janet Ballestrini (in her individual capacity) was (at all times relevant) New London's municipal tax collector.

7. The "Pequot Property" refers to real property at 929-939 Pequot Avenue, New London CT.

8. The "Beach Property" refers to real property at 969 Pequot Avenue, New London CT.

9. On June 30, 1998, LoGoico held a tax sale auction in New London, CT.

10. The resulting tax deed recited rights to the Pequot Property and the Beach Property.

11. On June 30, 1998, all taxes assessed against the Beach Property were current.

12. The official notices preceding the sale did not mention the Beach Property; rather, the official notices recited the Pequot Property as the property to be auctioned.

13. On information and belief, Logocio reviewed the tax deed and the land records (upon which the tax deed was based) prior to and/or after the tax sale.

14. Logocio had a duty to review the tax deed and/or the land records (upon which the tax deed would be prepared) prior to the tax sale.

15. Logocio knew (or should have known) that the Beach Property recited in the tax deed and/or the land records (upon which the tax deed was based) was not properly the subject of a tax sale.

16. The Trust's Beach Property rights were then clearly established, open and evident, and of a nature of which a reasonable person would know.

17. On April 10, 2000, the City of New London recorded a correcting deed, reciting that the Beach Property should not have been included in the tax deed.

18. Sandra did not know, or have reason to know, that the tax deed recited rights to the Beach Property, until some time within three years of this action's commencement.

19. On information and belief, Ballestrini furnished Logioco with some or all of the land records (upon which the tax deed was based) prior to the tax sale.

20. Ballestrini knew (or should have known) that the Beach Property recited in the land records (upon which the tax deed was based) was not properly the subject of a tax sale.

21. The Trust has incurred a resulting pecuniary expense (attempting to verify marketable title) and an impairment of (some but not all) of its bundled property rights.

22. Logocio and/or Ballestrini, willfully or recklessly, individually or jointly, and under color of state law, deprived the Trust of some (but not all) of its substantive due process rights to real property, as guaranteed by the 14th Amendment to the United States Constitution.

23. Logocio and/or Ballestrini, willfully or recklessly, individually or jointly, and under color of state law, deprived the Trust of some (but not all) of its due process rights to compensation for real property takings, as guaranteed by the 5th Amendment, and as incorporated by 14th Amendment to the United States Constitution.

24. Logocio and/or Ballestrini, willfully or recklessly, individually or jointly, and under color of state law, unreasonably seized the Trust of some (but not all) of its substantive due process rights to real residential property, as guaranteed by the 4th Amendment, and as incorporated by 14th Amendment to the United States Constitution.

## PRAYER FOR RELIEF

THEREFORE, the plaintiffs prays that the court grant:

a) Actual Damages pursuant to § 42 U.S.C. 1983 et seq.

b) Presumed Damages pursuant to § 42 U.S.C. 1983 et seq.

c) Punitive Damages pursuant to § 42 U.S.C. 1983 et seq.

d) Attorney's Fees and Costs, pursuant to § 42 U.S.C. 1983 et seq.

e) Interest or such other additional relief as may appear at law or at equity.


Respectfully Submitted,


_____
ZENAS ZELOTES, ESQ.
*Zenas Zelotes LLC* // Shaw's Cove 5, Suite 202 // New London CT 06320
Conn. Juris No. 419408/ Fed, Bar No. 23001/ Tel: (860) 442-2265/ Fax: (860) 739-0295

## Zenas Zelotes LLC
Shaw's Cove 5, Suite 202
Tel. (860) 442-2265 / Fax. (860) 439-0295

COMMERCIAL LITIGATION & PLANNING

Updike Kelley & Spellacy P.C.
Attn: Tom Edgington
One State Street
Hartford CT 06123-1277         2/12/04

## Zenas Zelotes LLC
Shaw's Cove 5, Suite 202
Tel. (860) 442-2265 / Fax. (860) 439-0295

COMMERCIAL LITIGATION & PLANNING

United States District Court
Attn: Clerk of Court
141 Church Street
New Haven CT 06510            2/12/04

## Zenas Zelotes LLC
Shaw's Cove 5, Suite 202
Tel. (860) 442-2265 / Fax. (860) 439-0295

COMMERCIAL LITIGATION & PLANNING

United States District Court
Attn: Chambers, Kravitz J. (C. Copy)
141 Church Street
New Haven CT 06510            2/12/04

---

**CERTIFICATE OF SERVICE**

The undersigned counsel certifies that a copy of the document(s) attached was served upon each addressee by USPS first class mail on the date(s) reflected.

February 12, 2004



ZENAS ZELOTES, ESQ.
*Zenas Zelotes LLC*
Shaw's Cove 5, Suite 202
New London CT 06320
Conn. Juris No. 419408 // Fed, Bar No. 23001
Tel: (860) 442-2265 // Fax: (860) 439-0295
Tel: (860) 448-6140 // Fax: (860) 448-6140