# UNITED STATES DISTRICT COURT
## DISTRICT OF CONNECTICUT

-------------------------------------------------

| | | |
|---|---|---|
| JOSEPH M. CALDRELLO, *ET AL.* | : | CIVIL ACTION |
| | : | |
| Plaintiffs, | : | CASE NO. 3:02CV01742 (MRK) |
| | : | |
| v. | : | |
| | : | |
| FEDERAL DEPOSIT INSURANCE | : | |
| CORPORATION, *ET AL.*, | : | |
| | : | |
| Defendants. | : | MARCH 26, 2004 |

-------------------------------------------------

## DEFENDANTS' MOTION TO DISMISS AMENDED COMPLAINT

Pursuant to Rule 12b(6) of the Federal Rules of Civil Procedure, the defendants Janice Ballestrini and Joseph Logioco respectfully move to dismiss the plaintiffs' Amended Complaint, dated February 12, 2004, based upon the Prior Pending Action doctrine and based upon the statute of limitations contained in Connecticut General Statutes §52-577 and 52-584. In addition, the defendants are protected from liability by the doctrine of qualified immunity.

In particular, the Amended Complaint should be dismissed on the grounds that there is, at this time, a prior pending action in the Connecticut Superior Court brought by the same plaintiffs, arising out of the same incident, of the same character and seeking similar relief. The Amended Complaint in this federal action concerns the validity of the Tax Sale on June 30, 1998 of certain property

357737

located at 969 Pequot Avenue, New London, Connecticut (the "Beach Property") owned by the Caldrellos and/or a trust, the Osprey Beach Trust, in which they or their children have an interest. The Amended Complaint also alleges that the June 30, 1998 Tax Sale affected real property located at 929-939 Pequot Avenue, New London, Connecticut (the "Pequot Property").

Presently pending in the Connecticut Superior Court, Judicial District of Norwich, is another action wherein the Caldrellos also challenge the validity of this Tax Sale. See Caldrello v. City of New London, Docket Number CV-01-0125330-S (formerly No. CV-01-0558540-S, prior to being consolidated on the complex litigation docket with other lawsuits filed by the plaintiffs concerning the June 30, 1998 Tax Sale). Both actions seek to adjudicate the same underlying rights; namely, the alleged effect of the Tax Sale on the title to the Beach Property. Although Ms. Ballestrini is not a defendant in the action pending in the Superior Court, the plaintiffs seek to hold the City of New London responsible for her alleged involvement in the Tax Sale. Mr. Logioco was originally sued in that action and was removed as a defendant after a Judge of the Superior Court warned the plaintiffs concerning the legal propriety of making claims against Mr. Logioco.

As more fully articulated in the attached Memorandum of Law, the plaintiffs' present action, seeking to recover under a new theory, namely 42 U.S.C. §1983 is of the same character, between the same parties and/or their privies, and brought to obtain the same end or object as the prior action. Therefore, it should be dismissed, as yet another effort by the plaintiffs to litigate issues arising from

357737

2

the June 30, 1998 Tax Sale.  The City of New London and its agents and employees should not be

forced to litigate in this action, issues which could or should have been resolved in any one of the

plaintiffs' multiple other lawsuits concerning the Tax Sale.

WHEREFORE, the defendants Janice Ballestrini and Joseph Logioco respectfully request that

the court dismiss the plaintiffs' action.

A memorandum of law and supporting exhibits are attached hereto.

RESPECTFULLY SUBMITTED,
DEFENDANTS JANICE BALLESTRINI and
JOSEPH LOGIOCO

By:_____

JAMES N. TALLBERG, ESQ.
Federal Bar Number Ct17849
UPDIKE, KELLY & SPELLACY, P.C.
One State St., P.O. Box 231277
Hartford, CT 06123-1277
Tel. No. (860) 548-2600
jtallberg@uks.com

## CERTIFICATION

THIS IS TO CERTIFY that a copy of the foregoing has been sent via overnight mail, postage prepaid, this 26th day of March 2004, to the following counsel of record:

Zenas Zelotes
Zenas Zelotes, LLC
Shaw's Cove 5
Suite 202
New London, CT 06320

By:_____

    JAMES N. TALLBERG, ESQ.
    Updike, Kelly & Spellacy, P.C.

357737                                4

**UNITED STATES DISTRICT COURT**
**DISTRICT OF CONNECTICUT**

--------------------------------------------------

| | | |
|---|---|---|
| JOSEPH M. CALDRELLO, *ET AL.* | : | CIVIL ACTION |
| | : | |
| Plaintiffs, | : | CASE NO. 3:02CV01742 (MRK) |
| | : | |
| v. | : | |
| | : | |
| FEDERAL DEPOSIT INSURANCE | : | |
| CORPORATION, *ET AL.*, | : | |
| | : | |
| Defendants. | : | MARCH 26, 2004 |

--------------------------------------------------

**MEMORANDUM OF LAW IN SUPPORT OF DEFENDANTS'**
**MOTION TO DISMISS FACTUAL BACKGROUND**

## I.    INTRODUCTION

The plaintiffs, Joseph Caldrello and Sandra Caldrello (the "Caldrellos"), have litigated a litany of cases concerning a Tax Sale that occurred on June 30, 1998 concerning real property located in New London, Connecticut, in which they had an interest. The plaintiffs' Amended Complaint, dated February 12, 2004, is yet another complaint concerning the June 30, 1998 Tax Sale. The present action has a tortured procedural history, with the plaintiffs at one point attempting to join a dozen new parties, including defense counsel, as defendants. Plaintiffs have now limited their claims in this case to allegations against former City of New London Tax Collector Janice Ballestrini and former Sheriff Joseph Logioco.

357737

## II.    FACTS

### A.    Plaintiffs' Prior Actions Concerning the Tax Sale

Plaintiffs' prior actions concerning the Tax Sale of their property include: 1) <u>Caldrello v. Federal Deposit Insurance Corporation</u>, Docket Number CV-00-0555134-S, a quiet title action to determine the interest acquired by the FDIC by virtue of the tax collector's deed from the City of New London; 2) <u>Caldrello v. City of New London</u>, Docket Number CV-99-0549206-S (the "1999 Action"), an action alleging the Tax Sale was illegal; and 3) <u>Caldrello v. City of New London</u>, Docket Number CV-01-0558540-S (the "2001 Action"), alleging the Tax Sale was illegal.[1]    <u>See</u> Exhibit 1 (Complaint of 4/11/01).

In the 2001 Action, the plaintiffs alleged that, "[o]n or about April 1, 1998, Sandra V. Caldrello, trustee for the Osprey Beach Trust, owned property in the City of New London, County of New London and State of Connecticut...," and that, "[a]t such time the taxes were current and no tax monies were owed to the City of New London on the property identified in Paragraph 17." Exhibit 1 (Complaint, ¶¶17-18).[2]    The plaintiffs further alleged that the City of New London authorized Joseph Logioco to conduct a Tax Sale of the property on June 30, 1998. <u>Id.</u>, ¶¶20-21.    The plaintiffs also

---

[1] In June 2002, over the plaintiff's objections, these actions were consolidated and transferred to the complex litigation docket and were assigned a new docket number, CV-01-0125330-S(X04), which remains pending.

[2] The property identified in paragraph 17 of the plaintiff's April 11, 2001 Complaint in the 2001 Action is believed to be the same property located at 969 Pequot Avenue, New London, Connecticut, (the "Beach Property") referenced in paragraphs 8-10 of the plaintiff's February 12, 2004 Amended Complaint in this action.

357737

2

alleged that, as a result of Mr. Logioco's June 30, 1998 Tax Sale, "the City of New London, its agents, servants and/or employees, such defendants negligently caused the plaintiffs, Joseph, Sandra, Anna Caldrello, Lois Caldrello and Ruth Caldrello to suffer emotional distress." Exhibit 1 (Complaint, Sixth Count, ¶44); see also First, Second, Third, Fourth, Sixth and Seventh Counts, seeking to hold the City and Logioco liable.

### B.    The First Motion to Dismiss Based Upon the Prior Pending Action Doctrine

Because the plaintiffs' 2001 Action was redundant to other actions the Caldrellos had filed challenging the propriety of the June 30, 1998 Tax Sale, the City of New London and Mr. Logioco filed a Motion to Dismiss, based upon the prior pending action doctrine. See Exhibit 2 (Motion to Dismiss of 8/20/01). The Motion to Dismiss provides a concise summary of the Caldrellos' litigation concerning the property that was the subject of the Tax Sale and the arguments contained therein are hereby incorporated by reference.[3]  On October 15, 2001, Judge Corradino of the Connecticut Superior Court granted the Motion in part, holding that, "Motion to Dismiss granted as to all property except the 'Beach Property' or the 'Children's Property.' The Plaintiff is to amend the pleadings to reflect such order." See Exhibit 3 (Order of 10/15/01).

---

[3] Additional history regarding the Caldrellos' litigation concerning the property can be found in FDIC v. Caldrello, 79 Conn. App. 384, 386 (2003) ("The subject properties were sold at a tax sale on June 30, 1998").

357737

3

**C.    Judge Corradino's Warning to Plaintiffs Regarding Claims Against Mr. Logioco**

Following Judge Corradino's October 15, 2001 ruling on the Motion to Dismiss, the parties

submitted letter briefs concerning the effect of the ruling on the plaintiffs' claims concerning the

"Beach Property." The Caldrello's counsel, Attorney Richard Haviland, argued to Judge Corradino

as follows:

> "Mr. Logioco is also properly in the case, even if the only problem that you rule can
> properly be alleged is that the deed was improper. Ms. Ballestrini did not conduct the
> sale, the sheriff did. He was the agent of the City of New London from start to finish.
> Although he did not sign the deed himself he was responsible for it."

Exhibit 4 (Haviland letter to Judge Corradino of 4/10/02, at 1).

Judge Corradino replied to the Caldrellos' counsel as follows:

> "**Furthermore, in light of the implications of the court's ruling, it is difficult to see
> how the defendant Logioco remains in this case**. Count Five and Seven again
> recount alleged improprieties with the Tax Sale. How Logioco could be said to be
> responsible for the preparation and transmittal of the deed is difficult to understand
> and how he could be liable on the theories advanced when plaintiff's counsel has
> conceded that the "beach" property was not included in the Tax Sale is an added
> difficulty. **Counsel should seriously consider the legal propriety of making claims
> against Logioco in light of the court's rulings**."

Exhibit 5 (Judge Corradino letter to counsel of 5/3/02 (emphasis added)).

Judge Corradino exposed the frivolous nature of the plaintiffs' claims regarding the "Beach

Property," and, in particular the claims against Mr. Logioco, when he noted that plaintiffs' counsel

conceded the Beach Property was not sold as part of the Tax Sale, that a correcting deed had been

filed, and that any possible damages to the plaintiffs were the result of "some clerical or scribner's error." Id.

### D.    The Plaintiffs' Claims Regarding the Effect of the Tax Sale on the Beach Property Are Being Litigated in a Prior Pending Action

As a result of Judge Corradino's rulings, and after further amendments of the pleadings, the plaintiffs filed a Revised Complaint, which omitted Mr. Logioco as a defendant, but continued to assert claims against the City of New London seeking to hold it liable for the acts or omission of its agents, namely Mr. Logioco and Ms. Ballestrini,[4] arising from the scribner's error concerning the Beach Property.[5] See Exhibit 8 (Revised Complaint of 12/17/02, ¶1-4 (describing June 30, 1998 Tax Sale by Mr. Logioco which "purported to convey the beach property.").  The defendant City of New London answered the Revised Complaint on October 8, 2003 and the action remains pending.  See Exhibit 9 (Answer of 10/8/03).

Both the plaintiffs' 1999 Action and the 2001 Action claimed the Tax Sale was ineffective and illegal.  To add insult to injury, plaintiffs now attack the June 30, 1998 Tax Sale yet again in the form of a §1983 claim.    While the three lawsuits characterize the respective causes of action

---

[4] Pursuant to Connecticut General Statutes §7-101a and §7-465, a claim against Ms. Ballestrini is the functional equivalent of the claim against the City since the municipality has a duty to defend and indemnify its agents and employees, subject to certain conditions. Thus, whether the plaintiffs sue the City directly or Ms. Ballestrini alone, is of little consequence insofar as the application of the Prior Pending Action doctrine..

[5] On May 10, 2002, the Superior Court issued an Order concerning a transfer to the Complex Litigation Docket. See Exhibit 6 (Order of 5/10/02).  On June 24, 2002, the 2001 Action was transferred to Complex Litigation and was assigned Docket No. CV-01-0125330-S(X04).  Exhibit 7 (Order of 6/24/02).

357737

somewhat differently, all were brought to adjudicate the same underlying rights, namely, the plaintiffs' alleged title in the property, and any damage to the title or clouds on the title arising from the 1998 Tax Sale.

Astonishingly, plaintiffs continue to press this claim against Mr. Logioco in the guise of a §1983 action, after having already been warned by Judge Corradino that they are, in effect, skating on this ice with that claim. See Exhibit 5 (Judge Corradino letter to Haviland of 5/3/02). Moreover, plaintiffs pursue this claim in the United States District Court despite the pendency of these same claims that are still on the docket in the Connecticut Superior Court. See (Exhibits 8-8) Caldrello v. City of New London, No. CV-01-0125330-S-X04, pending on the complex docket in Norwich.

For the following reasons, the Amended Complaint should be dismissed.

357737

6

## III.   LEGAL ARGUMENT

### A.   The Plaintiffs' Allegations Cannot Survive a Motion to Dismiss

A Motion to Dismiss pursuant to Rule 12(b) of the Federal Rules of Civil Procedure challenges the legal sufficiency of the Complaint and to prevail the moving party must demonstrate that the disputed claim is insufficient as a matter of law. Monsky v. Moraghan, 947 F. Supp. 53, 54 (D. Conn. 1996), aff'd 127 F.3d 243 (2d Cir. 1997); A. Aiudi & Sons v. Town of Plainville, 862 F. Supp. 737, 739 (D Conn. 1994).  Although the allegations of the challenged pleading are to be construed in a manner most favorable to the pleader, "[a] district court should grant a motion to dismiss if it is clear that, under any set of facts that could be proved consistent with the allegations, no relief could be granted. Fed. R. Civ. P. 12(b)(6)."  Monsky 947 F. Supp. at 54.

Whether a plaintiff has alleged a legally sufficient cause of action under 42 U.S.C. §1983 is properly raised by a Rule 12(b)(6) motion to dismiss.  Id.  Whether the court should exercise supplemental jurisdiction over state law claims which are allegedly "linked" with a legally deficient §1983 claim is appropriately raised by a Rule 12(b)(1) motion to dismiss.  Monsky, 127 F.3d at 247.

**B.**     <u>**The Plaintiffs' Action Should be Dismissed Pursuant to the "Prior Pending Action Doctrine"**</u>

The "Prior Pending Action" doctrine is a policy designed "to prevent unnecessary litigation that places a burden on our state's already crowded court dockets." <u>Beaudoin v. Town Oil Co., Inc.</u>, 207 Conn. 575, 588 (1988) (holding that trial court properly dismissed lawsuit based upon prior pending action doctrine where issue was presented by case could be raised in another pending action between the parties).

The doctrine applies when there is an identity of parties and issues, as in this case. The Connecticut Supreme Court has defined the doctrine as follows:

> The pendency of a prior suit of the same character, between the same parties, brought to obtain the same end or object, is, at common law, good cause for abatement. This is so, because there cannot be any reason or necessity for bringing the second, and therefore it must be oppressive and vexatious.
> This is a rule of justice and equity, generally applicable, and always, where the two suits are virtually alike, and in the same jurisdiction.

<u>Halpern v. Board of Education</u>, 196 Conn. 647, 652-53 (1985) (holding that trial court properly dismissed a declaratory judgment action instituted by the plaintiff who already had pending an administrative appeal concerning the termination of her employment).

Where allegations against a party in a second lawsuit are "virtually alike" to those in an earlier action, dismissal of the second action under the Prior Pending Action Doctrine is proper.

357737

8

Beaudoin v. Town Oil Co., Inc., 207 Conn. 575, 583 (1988) (citing Henry F. Raab Connecticut, Inc. v. J.W. Fisher Co., 183 Conn. 108, 112 (1981)).

Virtually alike does not mean absolutely identical. Rather, the courts look to determine whether or not the two actions are brought to adjudicate the same underlying rights. Sandvig v. A. Debreuil and Sons, Inc., 53 Conn. App. 466, 469 (1999). While the two actions may appear to allege separate actions because the theories of liability do not contain identical language, the Prior Pending Action Doctrine will apply so long as the same underlying rights are at stake and the same relief is requested. Id., at 469-470; see also Beaudoin v. Town Oil Co., Inc., 207 Conn. at 587-588 ("the variations in the allegations of the theories of liability are merely different ways to characterize how the defendant's actions resulted in liability to the plaintiff. The modern trend . . . is to construe 'pleadings broadly and realistically, rather than narrowly and technically'"); Halpern v. Board of Education, 196 Conn. 647 (1985).

In Beaudoin v. Town Oil Co., Inc., the first action alleged causes of action sounding in product liability, strict liability, breach of express warranty, breach of implied warranty, negligence and illegal representations and sought money damages, punitive damages and attorney fees. Beaudoin v. Town Oil Co., Inc., 207 Conn. at 587. The second action alleged a product liability claim and sought indemnification for all liability incurred and costs in defending themselves. Id. at 586. While the "complaint in the [second action] appear[ed] at first glance to allege a different

357737

9

action", the "crux of the plaintiff's claim, as outlined in both complaints, [was] that any damages that she [was] liable to pay the Shubbucks and the costs of defending the action [were] the direct result of the installation of the allegedly defective insulation by the defendant." Id. In upholding the dismissal of the second action, the court held that the "variations in the allegations of the theories of liability are merely different ways to characterize how the defendant's actions resulted in liability to the plaintiff." Id. Thus, the Prior Pending Action Doctrine was applicable because the crux of the plaintiff's claims and the overall end result sought was the same.

In Halpern, the Supreme Court was persuaded that the dismissal pursuant to the Prior Pending Action doctrine was appropriate because "the ultimate goals in both [of plaintiff's] cases are not dissimilar." Halpern, 196 Conn. at 649. Similarly here, the plaintiffs' goals in pursuing the City and its agents and employees in the 2001 Action in the Superior Court are the same. Plaintiffs seek money damages arising from the alleged cloud on the title of the Beach Property arising from the June 30, 1998 Tax Sale. Compare Exhibits 1 and 8 (Complaints of 4/11/01, ¶¶17-18 and 12/17/02, ¶¶3, 14) with Amended Complaint of 2/12/04, ¶¶8, 21 (all seeking money damages arising from June 30, 1998 Tax Sale and its purported effect on the Beach Property); compare also Prayers for Relief.

The present action is of the same character, between the same parties or their privies, and brought to obtain the same end or object. As a result, the Prior Pending Action doctrine applies and the Court should dismiss this action. Halpern, 196 Conn. at 649. In deciding to invoke the doctrine

357737

10

the Court should consider the burden placed on Mr. Logioco and the City of New London, who have already litigated his involvement in the June 30, 1998 Tax Sale, and the purported effect it had on the Beach Property.  Having already persuaded a Judge of the Superior Court that these claims against Mr. Logioco are without merit; see Exhibit 5 (Judge Corradino letter of 5/3/02); it is patently unfair for the plaintiffs to then try to relitigate those claims in this action.  Instead, this action should be dismissed.

**B.       The Plaintiffs' Complaint Under 42 U.S.C. §1983 is Time-Barred**

It is well established that the statute of limitations applicable to an action brought under 42 U.S.C. §1983, is Connecticut General Statutes §52-577.  Lounsbury v. Jeffries, 25 F.3d 131 (2nd Cir. 1994).  See Owens v. Okure, 488 U.S. 235 (1989); Weber v. Amendola, 635 F. Supp. 1527 (D.Conn. 1985); Vitale v. Nuzzo, 674 F. Supp. 402 (D. Conn. 1986).  "Since 42 U.S.C. § 1983 does not contain a statute of limitations, a federal court applies the period of limitations of the state in which the action is brought."  Halpern v. Bristol BOE, 52 F. Supp. 2d 324, 329 (D. Conn. 1999) (citing cases).

Although the applicable statute of limitations for a §1983 claim is Connecticut General Statutes §52-577, federal law governs when the §1983 claim accrues and when the period of limitations begins to run.  Halpern, 52 F. Supp. 2d at 329.  "Under federal law, which governs the accrual of claims brought under §1983, a claim accrues once the plaintiff knows or has reason to

know of the injury which is the basis of his action." <u>Veal v. Geraci</u>, 23 F.3d 722, 724 (2d Cir. 1994) (internal quotations and citations omitted).

It is undisputed that the Tax Sale of which the plaintiffs complain occurred on June 30, 1998. Amended Complaint, ¶9.  Plaintiffs have alleged that, "Sandra did not know, or have reason to know, that the tax deed recited rights to the Beach Property, until some time within three years of this action's commencement." <u>Id.</u>, ¶18.  That wishful thinking cannot be reconciled with the allegations in the plaintiffs' own complaint in the 2001 Action that, "[o]n December, 31, 1998, the plaintiffs brought suit against the City of New London claiming that the tax sale was improper and asking for a temporary injunction and other relief, including money damages." <u>See</u> Exhibit 1 (Complaint of 4/11/01, First Count, ¶28.

Plaintiffs initiated their epic legal challenge to the Tax Sale in December 1998, by seeking injunctive relief.  They certainly would have reason to know at that time about the contents of the tax deed, as they rushed to Court seeking an injunction claiming the Tax Sale was improper.  There is no dispute that the alleged wrongful conduct by the defendants took place on June 30, 1998, meaning that the plaintiffs had until June 30 2001 to file an action under 42 U.S.C. S1983.  In fact,  plaintiffs filed their 2001 Action just inside the three-year period by a complaint dated April 11, 2001.  <u>See</u> Exhibit 1.  In this action, however, plaintiffs did not originally sue Ms. Ballestrini or Mr. Logioco.

357737

12

Instead, plaintiffs did not seek to join them until on or about January 23, 2003, almost five years after

the Tax Sale and a full four and a half years after plaintiffs started their litigation over the Tax Sale.

The statute of limitations in this case began to run on June 30, 1998, when the plaintiffs allege

they were injured by "an impairment of (some but not all) of its bundled property rights." Amended

Complaint, ¶21. Weddel v. Secretary of Health and Human Services, 100 F.3d 929 (Fed. Cir. 1996)

(explaining that the statute of limitations begins to run when the injury occurs). Because the

plaintiffs waited more than three years from June 30, 1998 to assert these §1983 claims against Ms.

Ballestrini and Mr. Logioco, they are barred by the statute of limitations.[6]

### C.  **Plaintiffs' Claims are Barred by the Doctrine of Qualified Immunity**

Even if the Court declines to invoke the Prior Pending Action doctrine and does not apply the

statute of limitations, the plaintiffs' claims are still precluded by the doctrine of qualified immunity.

Federal courts have long recognized that government officials are protected from liability under

§1983 arising from performance of their "discretionary" duties. Harlow v. Fitzgerald, 457 U.S. 800

(1982); Wood v. Strickland, 420 U.S. 308, 319-20 (1975); Zahra v. Town of Southold, 48 F.3d 674,

686 (2d Cir. 1995). In Harlow, the Supreme Court held that:

> [B]are allegations of malice should not suffice to subject government officials either to
> the costs of trial or to the burdens of broad reaching discovery. We therefore hold that
> government officials performing discretionary functions, generally are shielded from

---

[6] Although plaintiffs do not clearly articulate any state law negligence claims, they would be governed by a shorter two-year limitation period contained in Connecticut General Statutes §52-584.

liability for civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known. . . Furthermore, '[e]ven where the law is clearly established and the scope of an official's permissible conduct is clearly defined, the qualified immunity defense also protects an official if it was objectively reasonable for him at the time of the challenged action to believe his acts were lawful.

Harlow, 457 U.S. at 817-18.

Whether a discretionary act of a public official is protected by a qualified immunity is viewed under an "objectively reasonable" standard.  Zahra, 48 F.3d at 686.  As explained in Zahra:

[I]f it is objectively reasonable for an official to believe that he or she is acting within constitutional and statutory bounds, the official will be insulated from liability stemming from his or her conduct.

Id.

The plaintiffs have alleged that Ms. Ballestrini and Mr. Logioco were acting in their individual capacities in conducting a tax sale.  Amended Complaint, ¶¶5-6.  As Judge Corradino has already concluded, the gravaman of the plaintiff's is essentially that a clerical or scrivener's error resulted in the Beach Property being included in a tax deed.  Exhibit 5 (Judge Corradino letter to Haviland of 5/3/02).  Under these undisputed facts, Ms. Ballestrini and Mr. Logioco are protected from liability by the doctrine of qualified immunity.  Under no scenerio consistent with these facts could the defendants be deemed to have acted in a manner that is not objectively reasonable.  At worst, the conduct alleged is that a Tax Sale occurred that included a tax deed with a clerical or

357737

14

scrivener's error. <u>See</u> Exhibit 5 (Judge Corradino letter to Haviland of 5/3/02). For this additional reason, the plaintiffs' Amended Complaint should be dismissed.

## IV.    <u>CONCLUSION</u>

Based on all the foregoing reasons, the defendants Janice Ballestrini and Joseph Logioco respectfully request that their Motion to Dismiss be granted.

RESPECTFULLY SUBMITTED,
DEFENDANTS JANICE BALLESTRINI and
JOSEPH LOGIOCO

By:_____
JAMES N. TALLBERG, ESQ.
Federal Bar Number Ct17849
UPDIKE, KELLY & SPELLACY, P.C.
One State St., P.O. Box 231277
Hartford, CT 06123-1277
Tel. No. (860) 548-2600
jtallberg@uks.com

357737

## **CERTIFICATION**

THIS IS TO CERTIFY that a copy of the foregoing has been sent via overnight mail, postage prepaid, this 26 day of March 2004, to the following counsel of record:

Zenas Zelotes
Zenas Zelotes, LLC
Shaw's Cove 5
Suite 202
New London, CT 06320

By:_____
   JAMES N. TALLBERG, ESQ.
   Updike, Kelly & Spellacy, P

357737

16