UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| JOSEPH M. CALDRELLO, ET AL. ) | CASE NO |
| Plaintiffs ) | 3:02CV01742(MRK) |
| v. ) | |
| FDIC, ET AL. ) | |
| Defendants ) | May 17, 2004 |

**MEMORANDUM OF SANDRA CALDRELLO (TRUSTEE)**

**IN OPPOSITION TO MOTION TO DISMISS**[1]

The defendants' 12(b)(6) motion predicates upon:

1. Qualified Immunity

2. Statute of Limitations

3. Justice and Equity (Prior Pending Doctrine)

To which, the plaintiff responds:

**I.   Qualified Immunity**

The first issue presented (and overlooked) is whether the defendants' averred acts were discretionary or ministerial. Law affords government officials *no* immunity to a civil action for damages if a breach of legal duty causes injury and that duty is *ministerial* in nature.

> See:   *Harlow v. Fitzgerald*, 457 U.S. 800 (1982) ("Immunity generally is available only to officials performing discretionary functions.")

---
[1] **ORAL ARGUMENT REQUESTED**

The complaint avers that the defendants impermissibly interfered with the plaintiff's bundled property rights when the defendants included in a tax sale property on which taxes were current. Clearly, it was *not* within the defendants' discretion to include, in a tax sale, property on which taxes were current. The defendants' duties were *ministerial*.

> *See:* *Associates Financial Services of America v. Sorensen*, 46 Conn. App. 721, 726-27 (1997) ("The power to sell land for delinquent taxes is strictly construed; the tax collector must substantially, if not strictly, comply with all statutory provisions. 85 C.J.S., Taxation §§ 745, 746, 798, 799 (1954); 72 Am. Jur. 2d, State and Local Taxation § 931 (1974). Where a governmental official or body exercises a ministerial duty, there is no need for a hearing. *Connecticut Health Facilities v. Zoning Board of Appeals*, 29 Conn. App. 1, 607, 613 A.2d 1358 (1992). Indeed, in connection with the tax sale, the tax collector is vested with no discretion save for the authority, albeit for 'any reason,' to 'adjourn such sale from time to time … ' Gen Statutes (Rev. to 1993) § 12-157. That, however, is merely incidental to the ministerial duty to conduct a fair sale in a responsible manner, in accordance with the dictates of *Townsend Savings Bank v. Todd,* 47 Conn. 190 [1879].")

Qualified immunity does not apply. Upon it, the motion cannot sustain.[i]

**II.     Statute of Limitations**

The complaint avers Sandra did not know, or have reason to know, of the infringement until a time within three years of this action's commencing. If the finder of fact so determines, the statute of limitations affords no relief.

> *See:*   *Conley v. Gibson,* 355 U.S. 41, 45-46, 78 S.Ct. 99, 102, 2 L.Ed.2d 80 (1957) (the court will grant a defendant's motion to dismiss under 12(b)(6) only if "it appears beyond doubt that the [plaintiff] can prove no set of facts in support of the claim which would entitle [it] to relief.") *Scheuer v. Rhodes,* 416 U.S. 232, 236, 94 S.Ct. 1683, 1686, 40 L.Ed.2d 90 (1974) (all factual allegations in the complaint must be taken as true and all reasonable inferences from these allegations must be drawn in the light most favorable to the plaintiff.)  *Also:* 5 C. Wright and A. Miller, *Federal Practice and Procedure: Civil* Section 1357 (1969) (As with a Rule 12(b)(6) motion, the court primarily considers the allegations in the complaint, although matters of public record, orders, items appearing in the record of the case, and exhibits attached to the complaint also may be taken into account.)

The defendants contend Sandra "certainly" had reason to know of the infringement *insomuch* as an action challenging the tax sale's propriety (in which Sandra participated) commenced Dec. 31, 1998 (CV-99-054-9206). The *inferred* factual predicate is that the *original* infringement averred in 1998 is the *same* infringement averred *at present*. That the *desired* inference rises not beyond mere inference is not without reason – the inference inferred … is error.

The 1998 state action dealt originally with a *different set of facts*. At the outset, the two actions averred *distinct theories of liability* and (of greater import) *distinct causes of action*.

The 1998 state action originally predicated upon whether the City of New London (or its agents) *provided proper statutory notice* in *advance of* the 1998 tax sale. It was not until *April 11, 2001* that (by separate action [later consolidated]: CV-01-055-85-40) the plaintiff first averred the core of facts upon which *this* federal action predicates: that the *resulting* tax deed *recited rights to real property not properly subject to the tax sale*. The *timing* of this subsequent action (2001) *contradicts* the implied contention that *in 1998* the plaintiffs "certainly" knew about the improper inclusion of real property. The resulting deed was *utterly irrelevant* to the causes of action averred in 1998. The resulting deed had absolutely no bearing on liability (as averred), and (thus) the plaintiffs had no reason to review it. If (as presently averred in this case) a finder of fact determines Sandra did not know, or have reason to know, of the improper inclusion until *2001*, then, as relates to this action (filed in *2002*), the three-year statute of limitations affords no relief.

Averments are to be construed most favorably to the pleader (*Supra*).

Upon limitations, the motion cannot sustain.


**III.    Justice and Equity (Prior Pending Doctrine)**

The defendants (curiously) aim to assert the "prior pending" doctrine notwithstanding the fact that *neither* party defends in *any* pending action.

4

In the defendants' eyes, it should *suffice* that the present action (against one set of defendants) shares a common core of operative fact with that averred in a preceding action (against a *different* defendant).

Although considerations of judicial economy might reasonably have been considered on a date prior, for too long, the defendants sat silent. The federal defendants *cannot* be joined in the state action. The three-year statute of limitations (*to join anew*) has passed. Had the defendants *sooner* asserted the prior pending doctrine, *perhaps* equity might have intervened. But as of present date, the *only* available forum is the district court.

> *n.b.*   Equity and justice might also have considered (and juxtaposed) the plaintiff's *rational interest* in securing a *federal* forum to seek *federal* redress from *state* actors. The state common law claim presently asserted against the City of New London in the superior court could *not* have been pursued in the district court (for want of subject-matter jurisdiction). Neither Justice nor Equity suggest that the plaintiff need have elected to *forego state common law redress* against the City of New London *in order to secure federal redress* (against other parties) in a *federal forum*. It is not (therefore) clear that even *had* the defendants more timely asserted the prior pending doctrine that abatement would have been recommended.

Upon the prior pending action doctrine, this motion, equity will not sustain.

Respectfully Submitted,

5

_____

ZENAS ZELOTES, ESQ.

*Zenas Zelotes LLC* // Shaw's Cove 5, Suite 202 // New London CT 06320

Conn. Juris No. 419408/ Fed, Bar No. 23001/ Tel: (860) 442-2265/ Fax: (860) 439-0295

---

ENDNOTES

[i] Even had qualified immunity applied, the result would have been no different. Qualified immunity offers complete protection for government officials sued in their individual capacities *if* their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known.

> *See:*   *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982)

The complaint avers that the federal rights infringed *were* clearly established, *were* open and evident, and *were* of a nature of which a reasonable person would know.

> *See:*   *Lee v. Ferraro*, 284 F.3d 1188, 1194 (11th Cir. 2002) ("The purpose of this immunity is to allow government officials to carry out their discretionary duties without the fear of personal liability or harassing litigation, protecting from suit all but the plainly incompetent or one who is knowingly violating the federal law.") (internal quotation marks and citations omitted)

The burden of establishing qualified immunity falls on the party asserting it.

*See;*   *Lee v. Ferraro*, 284 F.3d 1188, 1194 (11th Cir. 2002) (to receive qualified immunity, "the public official must first prove that he was acting within the scope of his discretionary authority when the allegedly wrongful acts occurred.") (internal quotation marks omitted); Also: *Id.* ("Once the defendant establishes that he was acting within his discretionary authority, the burden shifts to the plaintiff to show that qualified immunity is not appropriate."); *Conley v. Gibson,* 355 U.S. 41, 45-46, 78 S.Ct. 99, 102, 2 L.Ed.2d 80 (1957) (the court will grant a defendant's motion to dismiss under 12(b)(6) only if "it appears beyond doubt that the [plaintiff] can prove no set of facts in support of the claim which would entitle [it] to relief.") *Scheuer v. Rhodes,* 416 U.S. 232, 236, 94 S.Ct. 1683, 1686, 40 L.Ed.2d 90 (1974) (all factual allegations in the complaint must be taken as true and all reasonable inferences from these allegations must be drawn in the light most favorable to the plaintiff.)

*n.b.*   More specifically (and in sum): the complaint avers that

   a)      The public land records *clearly* establish the trust's property rights in the beach property;

   b)      The aforesaid property rights appearing in the public land records were *open and evident*;

   c)      A *reasonable* person *would have known* that the trust property recited in the tax deed should not have appeared in the tax deed *insofar as* the beach property did *not* appear in

        the tax sale notice (a *reasonable* person would have compared the two documents); (in like kind) a *reasonable person would have known* that the taxes were not delinquent on the beach property *insofar as* the town property and property tax records clearly evidenced the taxes as current.

   d)    The resulting interference with the plaintiff's bundled property rights, under color of state law, deprived the plaintiffs of clearly established federal rights (due process and takings without compensation).

*n.b.*    The defendants (inexplicably) infer that upon a "scrivener's error" liability cannot predicate. As cited above, qualified immunity asks *not* if an infringement *predicates* on error, but whether such error (be it error) was "*open and obvious*." Qualified immunity shelters not plain incompetence. Be such infringement (in truth) error or otherwise, its "open and obvious" nature is an issue of fact properly averred.

In deciding a 12(b)(6) motion, averments are to be construed most favorably to the pleader. Excepting matters of public record, factual contentions foreign to the complaint are not considered (and, to which, the plaintiff affords no response).

Upon qualified immunity, the motion cannot sustain.

9



ZENAS ZELOTES, ESQ.

*Zenas Zelotes LLC* // Shaw's Cove 5, Suite 202 // New London CT 06320

Conn. Juris No. 419408/ Fed, Bar No. 23001/ Tel: (860) 442-2265/ Fax: (860) 439-0295

## Zenas Zelotes LLC
Shaw's Cove 5, Suite 202
Tel. (860) 442-2265 / Fax. (860) 439-0295

COMMERCIAL LITIGATION & PLANNING

Updike Kelley & Spellacy P.C.
Attn: James Tallberg
One State Street
Hartford CT 06123-1277          5/17/04

## Zenas Zelotes LLC
Shaw's Cove 5, Suite 202
Tel. (860) 442-2265 / Fax. (860) 439-0295

COMMERCIAL LITIGATION & PLANNING

United States District Court *
Attn: Clerk of Court
141 Church Street
New Haven CT 06510              5/17/04

## Zenas Zelotes LLC
Shaw's Cove 5, Suite 202
Tel. (860) 442-2265 / Fax. (860) 439-0295

COMMERCIAL LITIGATION & PLANNING

United States District Court *
Attn: Chambers, Kravitz J. (C. Copy)
141 Church Street
New Haven CT 06510              5/17/04

---

**CERTIFICATE OF SERVICE**

The undersigned counsel certifies that a copy of the document(s) attached was served upon each addressee by USPS first class mail on the date(s) reflected.

May 17, 2004

_____
ZENAS ZELOTES, ESQ.
*Zenas Zelotes LLC*
Shaw's Cove 5, Suite 202
New London CT 06320
Conn. Juris No. 419408 // Fed, Bar No. 23001
Tel: (860) 442-2265 // Fax: (860) 439-0295

* By USPS *or* Hand-Filed