UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

FILED
2004 JUN -7
U.S. DISTRICT COURT
NEW HAVEN, CONN.

---

JOSEPH M. CALDRELLO, *ET AL.* : CIVIL ACTION

    Plaintiffs, : CASE NO. 3:02CV01742 (MRK)

V. :

FEDERATED DEPOSIT INSURANCE :
CORPORATION, *ET AL.*,

    Defendants. : JUNE 4, 2004

---

### DEFENDANTS' REPLY TO PLAINTIFFS' MEMORANDUM OF LAW IN OPPOSITION TO MOTION TO DISMISS

Defendants Janice Ballestrini and Joseph Logioco respectfully reply to the Plaintiffs' Memorandum of Sandra Caldrello in Opposition to the Defendants' Motion to Dismiss, dated May 17, 2004. In their Opposition Memorandum, the Plaintiffs failed to cite a single legal authority that supports their arguments opposing the Defendants' Motion to Dismiss based on the "Prior Pending Action" doctrine or the statute of limitations. With all due respect, Plaintiffs' arguments are unsupported and unavailing. As more fully explained below, the Plaintiffs' claim should be dismissed.

364478

I. **ARGUMENT**

A. **EQUITY REQUIRES THE "PRIOR PENDING ACTION" DOCTRINE TO BE APPLIED TO THE PRESENT MATTER**

The "Prior Pending Action" doctrine disallows a second action based on the same operative facts in part because there can be no "reason or necessity for bringing the second [action], and therefore it [the second action] must be oppressive and vexatious." Halpern v. Board of Education, 196 Conn. 647, 652-53 (1985).

As outlined in their Opposition Memorandum without any legal support, the Plaintiffs' primary contention with the application of the "Prior Pending Action" doctrine is that neither defendant to the present action is currently defending any preceding action. Memorandum of Sandra Caldrello in Opposition to Motion to Dismiss, pg. 4. While Mr. Logioco is not currently a defendant in the action pending in the Connecticut Superior Court, he was named in the original complaint of that action and was removed only after Plaintiff was admonished by Judge Corradino that, "Counsel should seriously consider the legal propriety of making claims against Logioco in light of the court's rulings." Revised Complaint of 12/17/02, ¶1-4; Judge Corradino letter to counsel of 5/3/02. In fact, in an attempt to avoid an identity of parties, the Plaintiffs filed a withdrawal of claims by Joseph Caldrello and Sandra Caldrello (in her personal capacity only) simultaneously with their Opposition Memorandum. See Notice of Sandra Caldrello of 5/17/04.

In spite of the caution by Judge Corradino, the Plaintiffs have reasserted that claim against Mr. Logioco in this action for the same conduct that gave rise to the action still

364478                                            2

pending in the Connecticut Superior Court. See Caldrello v. City of New London, Docket Number CV-01-0125330-S. The "Prior Pending Action" doctrine should not be interpreted in a rigid manner, such that the technical absence of the same parties should preclude its application and frustrate its equitable purpose. The gamesmanship and forum shopping exhibited by Plaintiffs should be viewed dimly and provides further support for the dismissal of Plaintiffs' baseless claim.

### B. PLAINTIFFS KNEW OR HAD REASON TO KNOW OF THE INJURIES IN 1998 AND THEREFORE THEIR ACTION IS TIME-BARRED

While the Plaintiffs should be afforded all reasonable inferences from their complaint, it is not reasonable to contend, given their state action in 1998 dealing with the very same sale of property at issue here, that they did not have reason to know in 1998 of the facts upon which this claim is predicated. While citing no legal authority to support their contention, the crux of the Plaintiffs' position is that because the 1998 action and the 2001 action involve differing sets of facts and allege different legal theories, the Plaintiffs should not be charged with the knowledge that the 1998 tax deed recited rights to the "Beach" property. See Plaintiffs' Memorandum in Opposition, pg. 5.

This, however, is a red herring. The specific facts and legal theories put forth in the Plaintiffs' prior legal proceedings, of which there are many, are important only in that they show that the Plaintiffs either knew or would have had reason to know of the injury that is the basis of this action. It defies logic to contend, as Plaintiffs here do, that the judicial sale of

364478                                  3

their "Beach" property in 1998 and their subsequent State court action involving that property, would not have given them cause to review the tax deed to that very same property.

If this suit is allowed to continue, the Plaintiffs will be litigating, in concurrent actions, the same underlying subject matter as they are litigating in the Connecticut Superior Court, Judicial District of Norwich, see Caldrello v. City of New London, Docket Number CV-01-0125330-S, and which has been the subject of numerous previous actions. See Caldrello v. Federal Deposit Insurance Corporation, Docket Number CV-00-0555134-S; Caldrello v. City of New London, Docket Number CV-99-0549206-S. Given the litigious history of this matter and Plaintiffs' failure to cite authorities in support of their contentions, the Plaintiffs' most recent complaint arising from the 1998 tax sale should be dismissed.

## II.  CONCLUSION

For all of the foregoing reasons and for all of the reasons set forth in the Defendants' Memorandum of Law dated March 26, 2004, all of the Plaintiffs' claims should be dismissed.

RESPECTFULLY SUBMITTED,
DEFENDANTS JANICE BALLESTRINI and
JOSEPH LOGIOCO

By: _____
JAMES N. TALLBERG, ESQ.
Federal Bar Number ct17849
Updike, Kelly & Spellacy, P.C.
P.O. Box 231277
One State Street
Hartford, CT 06123-1277
Tel. (860) 548-2600

364478                                   4

## CERTIFICATION OF SERVICE

A copy of the foregoing has been mailed by first class mail, postage prepaid, this 4th day of June 2004, to:

Zenas Zelotes
Zenas Zelotes, LLC
Shaw's Cove 5
Suite 202
New London, CT 06320

By: _____
JAMES N. TALLBERG, ESQ.
Updike, Kelly & Spellacy, P.C.

364478                                    5