UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

---

| | | |
|---|---|---|
| JOSEPH M. CALDRELLO, *ET AL.* | : | CIVIL ACTION |
| Plaintiffs, | : | CASE NO. 3:02CV01742 (MRK) |
| v. | : | |
| FEDERAL DEPOSIT INSURANCE CORPORATION, *ET AL.*, | : | |
| Defendants. | : | AUGUST 2, 2004 |

---

**SUPPLEMENTAL MEMORANDUM OF LAW IN SUPPORT OF DEFENDANTS' MOTION TO DISMISS**

**I.    INTRODUCTION**

As requested by the Court during the July 19, 2004 Status Conference, the defendants Janice Ballestrini and Joseph Logioco (the "defendants") respectfully submit this supplemental memorandum regarding their statute of limitations defense. By Affidavit dated July 26, 2004, plaintiff Sandra Caldrello stated that, "I did not examine or possess the RESULTING tax deed (or any copy thereof) at any time prior to April 17, 2000." See Affidavit of Sandra Caldrello of 7/26/04, ¶7. Ironically, Ms. Caldrello admits that, "I came to learn of the improper inclusion after the town clerk informed me that a correcting deed (dated April 17, 2000) had been filed, expunging all

369642

reference in the tax deed to the Beach Property." Id., ¶10. In effect, Ms. Caldrello claims that she learned of the allegedly offensive tax deed when the City of New London or one of its agents filed a corrected tax deed to fix an error that was so inconsequential the plaintiffs didn't even know about it.

From these facts, Ms. Caldrello has attempted to fashion a federal claim, despite having litigated the validity of the tax deed in several different lawsuits in the state courts beginning in December 1998. This takes making the proverbial mountain out of a mole hill to a new height. Plaintiffs' claim is time barred and should be summarily dismissed.

## II. ARGUMENT

### A. The Plaintiffs had an Obligation to Use Reasonable Diligence to Ascertain Whether They Had a Claim

It is firmly established that, "[u]nder federal law…a claim accrues once the plaintiff knows or has reason to know of the injury which is the basis of his action." Veal v. Geraci, 23 F.3d 722, 724 (2d Cir. 1994). This, however, does not mean that a claimant may unilaterally control the accrual of his or her claim by simply choosing when to take notice of the injury ultimately complained of. To allow a plaintiff to proceed with an action, "solely based upon his conclusory 'realization' of the alleged existence of [an injury] would in effect permit plaintiff to single-handedly dictate when the statute of limitations accrues and, concomitantly, enable him to defeat the purpose of the time-bar, which is to preclude the resuscitation of stale claims." Devito v. Incorporated Village of Valley Stream, 991 F. Supp.

137, 143 (E.D.N.Y. 1998) (internal citations omitted).

In order to maintain the integrity of the time-bar provision, claimants have the affirmative obligation to "use reasonable diligence in ascertaining that they have a claim." Blankman v. The County of Nassau, 819 F. Supp. 198, 208 (E.D.N.Y. 1991), aff'd, 14 F.3d 592 (2d Cir. 1993). Consequently, in the absence of facts of an evidentiary nature explaining why a claimant could not have ascertained that they had a viable claim, the statute of limitations begins to run at the earliest point at which the claimant could have made him or herself aware that a claim existed. Devito, 991 F. Supp. at 143.

In Devito, the court rejected the plaintiff's unsupported assertion that he was not aware of his injury until a time that neatly fit within the statute of limitations, characterizing the assertion as "willful ignorance." Devito, 991 F. Supp. at 143. Instead, focusing on the plaintiff's duty to ascertain whether he had a claim and his ability to do so, the court concluded that his claim accrued at a point well outside of the applicable statute of limitations. Id. at 143-45. Similarly here, Ms. Caldrello filed an action on December 30, 1998 challenging the propriety of the tax sale that resulted in the allegedly offensive tax deed. See Exhibits to Defendants' March 26, 2004 Motion to Dismiss. On December 30, 1998, when the plaintiffs filed their first challenge to the tax deed, they had a duty to ascertain whether the tax deed gave rise to a claim. They should, and could have discovered the alleged

deficiency, simply by looking at the tax deed.

### B. The Plaintiffs Could Have Ascertained That They had a Claim on June 30, 1998 and Therefore Their Action is Now Time-Barred

The plaintiffs should not "be allowed to dictate when the statute of limitations accrues" by selecting a convenient point in time to come to the "realization" that they had been injured. In light of the plaintiffs' duty to ascertain that they had a claim based on the tax deed, plaintiffs unsupported assertion that, "Sandra did not know, or have reason to know, that the tax deed recited rights to the Beach Property, until some time within three years of this action's commencement" is unavailing to support their contention that the statute of limitations should not begin to run on June 30, 1998, the date of the tax sale. See Amended Complaint ¶18.

At all relevant times between June 30, 1998 and June 30, 2001 plaintiffs could have made themselves aware that they had a claim. They were fully cognizant of the fact that the tax sale had occurred and that the tax deed existed. In fact, in December 1998 the plaintiffs initiated a legal challenge to the validity of the very tax deed that they now claim they did not know the contents of until on or about April 17, 2000. See Exhibits to Defendants' March 26, 2004 Motion to Dismiss. Had they simply read the tax deed they would have made themselves aware of the alleged claim. This "willful ignorance" on the part of the plaintiffs should not now be rewarded with the permission to resuscitate a stale claim. Because the

369642

4

plaintiffs failed to use reasonable diligence in ascertaining whether they had a claim, the statute of limitations began to run on the date of the tax sale, June 30, 1998, the earliest point at which the plaintiffs could have discovered that a claim existed. Consequently, their action is time-barred.

### III.  CONCLUSION

Based on all the foregoing reasons, the defendants Janice Ballestrini and Joseph Logioco respectfully request that their Motion to Dismiss be granted.

<pre>
                              RESPECTFULLY SUBMITTED,
                              DEFENDANTS JANICE BALLESTRINI and
                              JOSEPH LOGIOCO

                              By: _____
                                  JAMES N. TALLBERG, ESQ.
                                  Federal Bar Number Ct17849
                                  UPDIKE, KELLY & SPELLACY, P.C.
                                  One State St., P.O. Box 231277
                                  Hartford, CT 06123-1277
                                  Tel. No. (860) 548-2600
                                  jtallberg@uks.com
</pre>

369642                                      5

CERTIFICATION

THIS IS TO CERTIFY that a copy of the foregoing has been sent via overnight mail, postage prepaid, this 2nd day of August 2004, to the following counsel of record:

Zenas Zelotes
Zenas Zelotes, LLC
Shaw's Cove 5
Suite 202
New London, CT 06320

By: _____
JAMES N. TALLBERG, ESQ.
Updike, Kelly & Spellacy, P.C.

369642