UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| JOSEPH M. CALDRELLO, ET AL. ) | CASE NO |
| Plaintiffs ) | 3:02CV01742(MRK) |
| v. ) | |
| FDIC, ET AL. ) | |
| Defendants ) | August 11, 2004 |

## OBJECTION TO SUPPLEMENTAL MEMORANDUM OF LAW IN SUPPORT OF DEFENDANT'S MOTION TO DISMISS

The defendant's 08/02/04 memorandum advances two arguments:

First: a "reasonable" person could (and would) have reviewed the resulting tax deed.

Second: the plaintiff was "willfully" ignorant of the tax deed's contents.

Whether the plaintiff acted "reasonably" or "willfully" are questions of fact, properly addressed by way of a motion for summary judgment (not a motion to dismiss).

> Under Rule 12(b)(6) of the Federal Rules of Civil Procedure, a court should not grant a motion to dismiss unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim that would entitle him to relief. See *Conley v. Gibson*, 355 U.S. 41, 45-46, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957). A motion to dismiss "merely . . . assess[es] the legal feasibility of the complaint. [It does] not . . . assay the weight of the evidence which might be offered in support thereof." *Geisler v. Petrocelli*, 616 F.2d 636, 639 (2d Cir.1980).
>
> In deciding a motion to dismiss, the court must accept all well-pleaded allegations as true and draw all reasonable inferences in favor of the pleader. See *Scheuer v. Rhodes*, 416 U.S. 232, 236, 94 S.Ct. 1683, 40 L.Ed.2d 90 (1974). Dismissal is warranted only if, under any set of facts that the plaintiff can prove consistent

with the allegations, it is clear that no relief can be granted. *See Hishon v. King & Spalding*, 467 U.S. 69, 73, 104 S.Ct. 2229, 81 L.Ed.2d 59 (1984); *Frasier v. General Elec. Co.*, 930 F.2d 1004, 1007 (2d Cir.1991). "The issue on a motion to dismiss is not whether the plaintiff will prevail, but whether the plaintiff is entitled to offer evidence to support his or her claims." *United States v. Yale New*

The plaintiff has averred and affirmed facts that, if accepted, would clearly avoid the advanced limitations defense. The defendants' motion to dismiss must be DENIED.

Respectfully Submitted,

ZENAS ZELOTES, ESQ.
*Zenas Zelotes LLC* // Shaw's Cove 5, Suite 202 // New London CT 06320
Conn. Juris No. 419408/ Fed. Bar No. 23001/ Tel: (860) 442-2265/ Fax: (860) 439-0295

**Zenas Zelotes LLC**
Shaw's Cove 5, Suite 202
Tel. (860) 442-2265 / Fax. (860) 439-0295

COMMERCIAL LITIGATION & PLANNING

Updike Kelley & Spellacy P.C.
Attn: James Tallberg
One State Street
Hartford CT 06123-1277          8/11/04

**Zenas Zelotes LLC**
Shaw's Cove 5, Suite 202
Tel. (860) 442-2265 / Fax. (860) 439-0295

COMMERCIAL LITIGATION & PLANNING

United States District Court *
Attn: Clerk of Court
141 Church Street
New Haven CT 06510          8/11/04

**Zenas Zelotes LLC**
Shaw's Cove 5, Suite 202
Tel. (860) 442-2265 / Fax. (860) 439-0295

COMMERCIAL LITIGATION & PLANNING

United States District Court *
Attn: Chambers, Kravitz J. (C. Copy)
141 Church Street
New Haven CT 06510          8/11/04

## CERTIFICATE OF SERVICE

The undersigned counsel certifies that a copy of the document(s) attached was served upon each addressee by USPS first class mail on the date(s) reflected.

August 11, 2004

_____
ZENAS ZELOTES, ESQ.
*Zenas Zelotes LLC*
Shaw's Cove 5, Suite 202
New London CT 06320
Conn. Juris No. 419408 // Fed. Bar No. 23001
Tel: (860) 442-2265 // Fax: (860) 439-0295

\* By USPS *or* Hand-Filed